IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MeNINA E. PHILLIPS,

    Plaintiff,

  v.

SECURITAS SECURITY SERVICES
USA, INC., and TESLA MOTORS INC.,

    Defendants.

No. C 17-06693 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this *pro se* employment discrimination action, defendants move to dismiss the complaint pursuant to Rule 12(b)(4), Rule 12(b)(5), and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is **GRANTED**.

## STATEMENT

The following is taken from the operative complaint. Defendant Securitas Security Services USA Inc. (Securitas) employed plaintiff MeNina E. Phillips as a security guard at the office of defendant Tesla Motors Inc. (Tesla). Upon being hired, plaintiff became a "Flex Officer." This position did not enjoy the same benefits as standard employees of Securitas due to its contractual nature. In addition, plaintiff's supervisor relocated her to an unfavorable location after complaining about not receiving employee benefits. In December 2016, plaintiff after voicing her concern about the relocation, discovered that she had over thirty complaints

against her and that other employees at Tesla referred to her as "a nigger." Plaintiff also had her hours reduced and had to work six days out of the week (Compl. at 9).*

During the course of plaintiff's relationship with her employer Securitas, plaintiff's supervisor moved her to a different location out of the public view. Her new assignment included "graveyard" shifts and despite her performance promotion was never an option. Plaintiff then found herself working only with one other employee at the company who was a family friend of their supervisor. Plaintiff contends that the isolated interaction between her and the friend of her supervisor served only to watch her while she worked. In March 2017, plaintiff filed a complaint with human resources and believes the relocation from her usual post constituted retaliation (Compl. at 18, 22).

In August 2017, the Equal Employment Opportunity Commission (EEOC) issued and mailed a dismissal and notice of rights for this case. On November 20, 2017, plaintiff filed this action against her employer for (1) national origin discrimination and harassment in violation of Title VII, (2) racial discrimination in violation of Title VII, (3) unlawful retaliation for making a claim for discrimination in violation of Title VII, (4) sex discrimination in violation of Title VII, and (5) age discrimination in violation of Age Discrimination in Employment Act (ADEA) (Compl. at 3, 32).

After failing to serve defendants with the summons and complaint, an order set an initial case management conference for February 2018. At the hearing, plaintiff reported that she had not served defendants with the summons and complaint. The initial case management conference was accordingly converted into status conference. An order dated February 27 directed plaintiff to file a certificate of service demonstrating that she served on defendants the summons, complaint, and any amendments pursuant to Rule 4 of the Federal Rules of Civil Procedure by April 12 at noon. Both defendants received a copy of the complaint on April 10, but without the summons attached. Notwithstanding plaintiff's attempt at proper service, defendants allege that they were never properly served and motioned to dismiss the case for

---

\* Due to the fact that the complaint's pages, paragraphs, and exhibits are not numbered or filed in the correct order, all page numbers correspond to the order in which they have been electronically filed.

2

improper service and a violation of the statute of limitations. Plaintiff was given until May 18 to file a response to defendants' motion. After plaintiff failed to respond, an order to show cause dated May 25 was issued as to why this case should not be dismissed giving plaintiff until June 1 to respond. Rather than respond to the motion, on May 31 plaintiff requested a further extension of time to respond to defendants' motion to dismiss. The request was granted and ordered plaintiff to respond to defendants' motion by June 21.

On June 26, plaintiff called the Courtroom Deputy Clerk and orally requested a third extension of time to respond to defendants' motion to dismiss. Even though a phone call to the courtroom deputy is not the proper way to ask for an extension of time, the request was granted giving plaintiff until July 12 to respond to the motion to dismiss. In addition, plaintiff was further directed to cure the problems associated with the service of process. Defendants now move to dismiss all claims pursuant to FRCP 12(b)(4) for insufficient process and FRCP 12(b)(5) for insufficient service of process. Defendants also move to dismiss all claims with prejudice pursuant to FRCP 12(b)(6) for violating the statute of limitations for failure to file a claim for employment discrimination within the ninety-day time frame after the right-to-sue letter was issued by the EEOC. In the alternative, defendants argue that plaintiff should be ordered to provide a more definite statement pursuant to FRCP 12(e).

**ANALYSIS**

**1.     STATUTE OF LIMITATIONS.**

To ensure that *pro se* litigants do not lose their right to a hearing on the merits because of a technical procedural requirement, we construe *pro se* pleadings liberally. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). FRCP 12(b)(6) provides that a defendant may move a court to dismiss a case where the complaint fails to state a claim upon which relief can be granted. A dismissal pursuant to Rule 12(b)(6) is proper when a plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. *Weisbuch* v. *Cnty. of Los Angeles*, 199 F.3d 778, 783 (9th Cir. 1997). Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1). The same rule applies to

claims under the ADEA. 29 U.S.C.A. § 626(e). This ninety-day period operates as a statute of limitations period. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990).

Defendants argue that plaintiff has violated the statute of limitations by filing this employment discrimination action past the ninety-day time frame after the EEOC issued a right-to-sue letter. Plaintiff's complaint includes the right-to-sue letter which is dated August 18, 2017, indicated as the date mailed. Defendants argue that ninety days past August 18 is November 16, making plaintiff's November 20th complaint a violation of the statute of limitations. Plaintiff, however, contends that the filing of the instant claim is within the statutory period.

Our court of appeals has held that the ninety-day period runs from the giving of such notice by the EEOC. *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992). In *Scholar*, the court held that notice was given when the plaintiff's daughter received and signed the right-to-sue letter. Here, defendants base the running of the statute of limitations off the date the letter was mailed and not the date received. Since plaintiff only missed the ninety-day time frame by four days, it is entirely plausible that the letter took a few days to mail and was actually received past the August 18 date of mailing. Therefore, it is not certain whether plaintiff has violated the statue of limitations. Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** to a motion for summary judgment when the true facts of receipt are known.

**2.     INSUFFICIENT SERVICE OF PROCESS.**

    **A.     Plaintiff Has Failed to Properly Serve The Operative Complaint.**

FRCP 12(b)(4) provides that a defendant may move a court to dismiss a case for insufficient process. A complaint accompanying the summons must be the operative complaint, *i.e.,* service is ineffective if the defendant is served with an inoperative version of the complaint. *Phillips v. Murchison*, 194 F. Supp. 620, 622 (S.D.N.Y. 1961).

Plaintiff failed to serve the defendants with the operative complaint. Instead, she served a complaint that she did not file with the court. For example, plaintiff's filed complaint has a demand for relief which is entirely absent from the served complaint. In addition, the served complaint has jurisdictional allegations that are missing in the operative complaint.

4

These inconsistencies demonstrate that the operative complaint is not the complaint served to the defendants. The motion to dismiss under FRCP 12(b)(4) is **GRANTED WITHOUT PREJUDICE**.

### B. Plaintiff Has Failed to Serve the Summons To the Defendants.

Plaintiff failed to attach a copy of the summons to effectuate proper service under FRCP 12(b)(5). FRCP 12(b)(5) provides that a defendant may move a court to dismiss for insufficient service of process. When a Rule 12(b)(5) motion is granted, the court has the discretion to either dismiss the action or quash the service. *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976). This motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (Judge Rosalyn Chapman).

Defendants argue that they were never served a copy of the summons. Plaintiff contends that she hired a professional process server and therefore proper service has been completed. Upon review of the docket, the proof of service filed by plaintiff indicates a lack of summons attached to the documents given to and served by the process server. Therefore, defendants' motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

### CONCLUSION

Since plaintiff's ineffective service can be cured by an amendment, defendants' request for dismissal with prejudice is **DENIED**. For the foregoing reasons, defendants' motion to dismiss is **GRANTED WITHOUT PREJUDICE**. Given that the motion to dismiss is granted, this order need not address defendants' request for a more definitive statement. Plaintiff shall have until **AUGUST 16, 2018**, to properly serve the operative complaint and summons, failing which the case shall be closed. Please do not ask for more extensions.

**IT IS SO ORDERED.**

Dated: July 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE