IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ME NINA E. PHILLIPS,

    Plaintiffs,

v.

SECURITAS SECURITY SERVICES
USA INC., and TESLA MOTORS INC.,

    Defendants.

No. C 17-06693 WHA

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

    In November 2017, plaintiff Me Nina Phillips, proceeding *pro se*, filed this employment-discrimination action against defendants Securitas Security Services and Tesla Motors. At the same time, plaintiff also filed an application to proceed *in forma pauperis*. An order denied that application and directed plaintiff to file the $400 filing fee by December 14. Plaintiff did not pay the filing fee (Dkt. Nos. 1–2, 4).

    At a case management conference in February 2018, plaintiff reported that she had not yet served defendants with the summons and complaint. A February 27 order accordingly directed plaintiff to file a certificate of service demonstrating her compliance with FRCP 4's service requirements by April 12. Both defendants received a copy of a complaint on April 10, but not a summons. Notwithstanding plaintiff's attempt at proper service, defendants moved to dismiss the action for lack of sufficient service of process and on the ground that plaintiff's claims were barred by the statute of limitations. In the alternative, defendants argued that plaintiff should be ordered to provide a more definite statement pursuant to FRCP 12(e). After

three extensions of time, plaintiff filed an opposition to defendants' motion to dismiss (Dkt. Nos. 7, 12, 16, 18–22).

A July 19 order (handed out to the parties at the hearing on defendants' motion to dismiss) explained that because plaintiff's ineffective service could be cured by amendment, the case would be dismissed without prejudice and plaintiff would have until August 16 to properly serve the operative complaint and summons. The July 19 order cautioned plaintiff that failure to meet the August deadline would result in the case being closed (Dkt. Nos. 25–26).

On August 16, plaintiff filed two amended complaints and a new application to proceed *in forma pauperis*. Defendants promptly filed a motion to dismiss the newly-filed complaints, arguing that plaintiff had failed to properly serve them with the original complaint as directed by the July 19 order. In the alternative, defendants moved for an order requiring plaintiff to file a complaint that adhered to the requirements of FRCP 8 and 10 (Dkt. Nos. 27–29).

At the October 4 hearing on defendants' second motion to dismiss, almost an hour was spent going over the problems in the way plaintiff tried to amend and serve her complaint. At the end of the hearing, the judge allowed plaintiff another try. Following the hearing, an order dated October 5 denied plaintiff's application to proceed *in forma pauperis* but permitted plaintiff to pay a reduced filing fee of $100. A separate order set an October 31 deadline for plaintiff to revise and properly file a single second amended complaint and summons (Dkt. Nos. 32–34).

Rather than file an amended complaint as directed, plaintiff filed a motion "to recuse," explaining her disagreement with the orders directing her to pay a reduced filing fee and to file an amended complaint. In light of this order's ruling below, to the extent plaintiff's motion is a request for reconsideration based of her *in forma pauperis* on new circumstances, the request is **DENIED AS MOOT**. To the extent plaintiff's motion is a request for the undersigned judge to recuse himself from this case, the motion is **DENIED**.

Defendants have also filed a motion to dismiss, citing plaintiff's failure to file an amended complaint as directed. This case is now a year old and there is still no operative complaint. As explained above, plaintiff has received numerous extensions of time and second

chances. Yet, to date, plaintiff has not filed an amended complaint. Because plaintiff has repeatedly failed to respond to deadlines governing this action, dismissal under FRCP 41(b) for failure to prosecute is proper. This action is therefore **DISMISSED WITH PREJUDICE**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: December 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE